Filed 6/22/16  P. v. McKenzie CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISRAEL NOEL McKENZIE,<br><br>    Defendant and Appellant. | H043059<br>(Santa Clara County<br>Super. Ct. No. CC448878) |

On April 1, 2005, appellant was sentenced to total term of 5 years plus 25 years to life.  His term consisted of 25 years to life for burglary (Pen. Code, §§ 459/460, subd. (a)), 25 years to life for receiving stolen property (Pen. Code, § 496, subd. (a)), which was stayed pursuant to Penal Code section 654, and five years for the serious felony prior.  (Pen. Code, § 667, subd. (a).)

On February 11, 2015, appellant filed a petition in pro per seeking to be re-sentenced pursuant to *People v. Vargas* (2014) 59 Cal.4th 635. (*Vargas*)  On February 25, 2015, the superior court denied appellant's petition, finding appellant  was not entitled to resentencing under *Vargas*.  The court found that "As reflected in the probation report in this case, Petitioner's six strike priors were for separate instances of first degree burglary."  On April 27, 2015, appellant was re-sentenced pursuant to Prop. 47.  His term for receiving stolen property, which had been stayed, was reduced to

a misdemeanor and a county jail term was imposed. His effective sentence remained five years followed by a term of 25 years to life. On October 7, 2015, appellant filed a petition for sentence recall pursuant to Prop. 36. He alleged that he was eligible for re-sentencing pursuant to *In re Machado* (2014) 226 Cal.App.4th 1044 (*Machado*), review granted July 3, 2014, S219819, because he had been convicted for an offense that was neither serious nor violent together with a serious or violent felony. On October 20, 2105, the superior court denied the petition. The court noted that appellant had been re-sentenced under Prop. 47 on April 27, 2016. The court held that, "Because of that re-sentencing, there are no remaining felony convictions subject to treatment under the Act, since the felony in count one is a serious felony and not subject to that law, and the only other count is now a misdemeanor." Appellant filed a timely notice of appeal on December 14, 2015.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case and the facts but raises no specific issues. Pursuant to *Serrano,* on March 8, 2016 we notified appellant of his right to submit written argument in his own behalf within 30 days. On March 25, 2015 we received appellant's supplemental brief. In his brief appellant reiterates the arguments that he made below, that pursuant to *Machado, supra,* 226 Cal.App.4th 1044, review granted July 3, 2014, S219819, his burglary conviction should be eligible for resentencing under Proposition 36. Failure to resentence on his remaining felony, now that the companion offense has been resentences under Proposition 47, he argues, is prejudicial and discriminatory because both offenses stemmed from a single course of conduct.

In *Machado* the court had held that "although [Penal Code] section 1170.126 does not address eligibility for resentencing where a petitioner's commitment offenses include both a felony categorized as serious or violent and a felony that is not so categorized, a conclusion that nonserious/nonviolent offenses are eligible for resentencing (absent other

2

disqualifying factors) is consistent with the language of the statute and would advance the voters' intent in enacting Proposition 36." (*Machado supra* 226 Cal.App.4th at p. 1048, review granted Jul. 3, 2014, S219819.) Appellant's non-serious felony has already been reduced to a misdemeanor as a result of the Proposition 47 petition. Despite appellant's argument to the contrary, his remaining serious felony is not subject to resentencing, even if that serious felony stems from a single course of conduct as the felony which was eligible for resentencing. As nothing in appellant's supplemental brief raises an arguable issue on appeal, we must dismiss the appeal. (*Serrano, supra,* 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____
                                        RUSHING, P.J.


WE CONCUR:




_____
        PREMO, J.




_____
        ELIA, J.




*People v. McKenzie*
**H043059**